THE STATE, EX REL. THE BENEDICTINE SISTERS OF ELIZA-BETH, v. THE CITY OF ELIZABETH ET AL.

1. A *certiorari* will not be granted to review an assessment made by commissioners under the Martin act, for alleged irregularities in the proceedings of the commissioners, or for undue or excessive assessment, or for alleged mistake in the manner of making the assessment.
2. The writ allowed in this case on the ground that the relator is exempted by statute from any assessment; the relator will not be permitted to raise any other question.

On application for a *certiorari*.

Argued at November Term, 1887, before Justices DEPUE, VAN SYCKEL and KNAPP.

For the plaintiffs, *Alward & Parrot.*

For the defendants, *Frank Bergen.*

The opinion of the court was delivered by

VAN SYCKEL, J. This is an application for a writ of *certiorari* to review an assessment made against the relators upon the lands in the city of Elizabeth by the commissioners appointed under the Martin act. The ground upon which the writ is asked for is that the said lands assessed are entitled to

be wholly exempt from assessment, by force of an act of the legislature of this state. The report of the commissioners was filed, duly advertised and an opportunity given to all parties interested to be heard before the Circuit Court of Union county, and thereafter confirmed. The third section of the Martin act provides that the report of assessment, when so confirmed, shall be final and conclusive upon the said city and upon all persons owning or having any interest in or lien upon the said lands, and against all persons whomsoever.

The tenth section provides that no writ of *certiorari* shall be allowed to contest or set aside any tax or assessment fixed by said commissioners unless the party applies for the writ within six months after the confirmation of the report, and gives bond as in said section provided. It was therefore contemplated by the draftsman of this act that in some instances there should be a review by *certiorari*, but no beneficial effect can be given to the provision of the third section, that the report, when confirmed, shall be final and conclusive, if all alleged irregularities or imperfections in the proceedings of the commissioners can be reviewed in this court. The object of the Martin act was to produce a result that would be a finality, and end litigation so far as it justly might do so. It is obvious, therefore, that the cases in which an application for a review can be favorably entertained must be very few in number. No relief can be had in this way against alleged irregularities in the proceedings of the commissioners, or against undue or excessive assessments, or against alleged mistakes in the manner of making the assessments. But we think that in a case like the one now submitted, where the averment is that the law exempts the relators absolutely from the imposition of any burden, an opportunity should be given them to establish their immunity. A writ of *certiorari* will be allowed in this case upon presentation of a bond in accordance with the requirement of the act. The only question the relators will be permitted to raise is that of exemption from liability to assessment.